IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| C.V., *a minor, by and through his guardian ad litem, Jamie Vaughn*,<br><br>             Plaintiff,<br><br>      v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,<br><br>             Defendant. | Case No. 6:25-cv-01055-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

Plaintiff C.V. brings this action for breach of the implied covenant of good faith and fair dealing and negligent performance of an insurance contract. First Am. Compl. ¶¶ 20–39, ECF No. 11 ("FAC"). Defendant American Family Mutual Insurance Company now moves to dismiss: (1) Plaintiff's claim for emotional distress damages under the implied covenant of good faith and fair dealing and (2) Plaintiff's negligent performance of an insurance contract claim.[1] Partial Mot. Dismiss 1–2, ECF No. 12.

Plaintiff cannot seek non-economic damages for his good faith and fair dealing claim, but his negligent performance claim survives Defendant's Motion. Accordingly, the Court **GRANTS** in part and **DENIES** in part Defendant's Partial Motion to Dismiss, ECF No. 12.

---

[1] Defendant does not move to dismiss the portion of Plaintiff's good faith and fair dealing claim seeking economic damages. Partial Mot. Dismiss 1; FAC ¶ 27. Nor does Defendant challenge Plaintiff's Third Claim for Relief—a breach of contract claim. Partial Mot. Dismiss 1–2; FAC ¶¶ 40–43.

1 – Opinion and Order

## BACKGROUND

In August of 2024, Plaintiff, 14-year-old C.V., was bicycling in Prineville, Oregon, when he was struck and severely injured by an underinsured motorist ("UIM"). FAC ¶¶ 10–12. At the time of the accident, Plaintiff's parents each had automobile insurance policies issued through Defendant. *Id.* ¶ 5. The underinsured driver who struck Plaintiff carried insurance through the vehicle she was driving. *Id.* ¶ 15. Her insurance company offered Plaintiff the policy limit amount of $300,000 after the accident. *Id.* Plaintiff received permission from Defendant to accept that amount in November of 2024. *Id.* ¶¶ 16–17. Plaintiff maintains that his total damages exceed the limits of the underinsured motorist's policy. *Id.* ¶¶ 14–15.

In March of 2025, Plaintiff sent Defendant a formal demand letter for the total UIM coverage limit of $500,000 under Plaintiff's parents' policies. FAC ¶ 18. In response to his demand letter, Defendant tendered a total of $25,000 to Plaintiff—$12,500 from each of his parents' policies. *Id.* ¶ 19.

On May 15, 2025, Plaintiff filed this action in state court alleging a breach of the implied covenant of good faith and fair dealing, negligent performance of an insurance contract, and breach of contract. FAC ¶¶ 20–43. Defendant timely removed the action on the basis of diversity jurisdiction and now moves to partially dismiss Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(6). Notice of Removal ¶¶ 7–16, ECF No. 1; Partial Mot. Dismiss 1.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the "factual content" allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded facts must present more than "the mere possibility of

misconduct . . . ." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *E.g., Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Upon dismissing a plaintiff's complaint, a court should permit amendment unless "the pleading could not be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## DISCUSSION

I. **Plaintiff cannot recover emotional distress damages for a breach of the implied covenant of good faith and fair dealing.**

Plaintiff's claim for emotional distress damages arising from Defendant's alleged breach of the implied covenant of good faith and fair dealing turns on whether Oregon law permits such recovery. Oregon law maintains that "[c]ontract and tort claims are conceptually different and provide remedies for breach of conceptually different obligations." *Moody v. Or. Cmty. Credit Union*, 542 P.3d 24, 30 (Or. 2023). Emotional distress damages are not recoverable in a breach of contract action. *Id.* at 42. Plaintiff nonetheless contends that "an insurer's violation of ORS [§] 746.230(1) is actionable in tort if the violation causes emotional harm to a first-party claimant." Pl.'s Resp. Mot. Dismiss 10, ECF No. 15.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing sounds in contract law. Contract claims stem from "the manifested intention of the parties to a bargaining transaction . . . ." *Abraham v. T. Henry Constr., Inc.*, 249 P.3d 534, 538 (Or. 2011) (citation omitted). In contrast, "tort obligations are imposed by law—apart and independent of promises

3 – Opinion and Order

made and therefore *apart from the manifested intention of the parties . . . .*" *Id.* Here, Plaintiff alleges that Defendant breached "its contractual obligations of good faith and fair dealing." FAC ¶ 28.

Under Oregon law, every contract contains the implied covenant of good faith and fair dealing. *E.g., Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 891 P.2d 639, 645 (Or. 1995). By alleging a breach of the implied covenant of good faith and fair dealing, Plaintiff's claim does not stem from any "extracontractual obligation." *Moody*, 542 P.3d at 38. Instead, it arises from Defendant's breach of an inherently "contractual obligation" and is therefore a *contract* action for which emotional distress damages are not available. *Id.* at 39–40.

## II. **Plaintiff has offered sufficient factual allegations to adequately plead negligence *per se*.**

Plaintiff avers that he has suffered economic and non-economic damages totaling $750,000 resulting from Defendant's negligent performance of the insurance contract. FAC ¶¶ 37–38. Oregon law allows an insured party to bring a claim for emotional distress damages arising from an insurer's alleged violation of Oregon's unfair claim settlement practices statute, ORS § 746.230. *Moody*, 542 P.3d at 45 (holding "the insurance claim practices that ORS [§] 746.230 requires and the emotional harm that foreseeably may occur if that statute is violated are sufficiently weighty to merit imposition of liability for common-law negligence and recovery of emotional distress damages.").[2] Defendant contends that Plaintiff alleges no "facts constituting a

---

[2] The Court construes Plaintiff's negligent performance of an insurance contract claim as a negligence *per se* claim under *Moody*. Plaintiffs bringing such claims must allege "a legally protected interest sufficient to support a common-law negligence claim for emotional distress damages . . . ." *Moody*, 542 P.3d at 45. The *Moody* plaintiff's legally protected interest was that of a "surviving spouse of a deceased breadwinner" whose claim for life insurance benefits was summarily denied by the defendant—her late husband's life insurer. *Id.* This Court finds that *Moody* contemplates Plaintiff's legally protected interest in Defendant promptly and fairly processing his UIM insurance claim. Plaintiff suffered emotional distress after being badly injured in a vehicle accident and navigating sudden financial loss because of his medical expenses. If Defendant failed to reasonably investigate, settle, and pay Plaintiff's claim in the wake of his traumatic accident, this could give rise to the emotional distress damages sustained in *Moody*.

4 – Opinion and Order

violation of ORS § 746.230." Mot. Dismiss 2.

Plaintiff's factual allegations as to Defendant's negligent performance of the insurance contract adequately state a claim for relief under the federal pleading standards. Plaintiff maintains that Defendant violated four provisions of ORS § 746.230(1) by tendering $25,000 to Plaintiff in response to his demand for $500,000 under his parents' UIM policies.[3] FAC ¶¶ 18–19, 33. For instance, Plaintiff alleges that Defendant refused to adequately pay Plaintiff's claim without conducting a reasonable investigation as required by ORS § 746.230(1)(d). *Id.* ¶ 33. Plaintiff further asserts that, because of Defendant's negligence, he has suffered "increased emotional distress, worry, and lost peace of mind . . . ." *Id.* ¶ 38.

The Court acknowledges that the factual allegations as to the emotional distress claim are sparse. However, at the pleading stage, Plaintiff must only state a plausible claim for relief. The Court finds that Plaintiff has offered sufficient factual allegations to give Defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). Defendant has enough to investigate and answer Plaintiff's *Moody* claim as well as proceed with discovery.

Defendant distinguishes this case from *Moody* by pointing out that, unlike the insurer in that case, Defendant did not *deny* Plaintiff's UIM claim entirely. Mot. Dismiss 7. But this Court will not go so far as to conclude that *Moody* only applies when an insurer outright denies a claim. To do so risks encouraging insurers to tender paltry amounts in response to plaintiffs' insurance claims as a way to sidestep *Moody* liability.

---

[3] Plaintiff alleges that Defendant violated ORS §§ 746.230(1)(c) ("Failing to adopt and implement reasonable standards for the prompt investigation of claims"); (1)(d) ("Refusing to pay claims without conducting a reasonable investigation based on all available information"); (1)(f) ("Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear"); and (1)(g) ("Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants"). FAC ¶ 33.

## CONCLUSION

Defendants' Partial Motion to Dismiss, ECF No. 12, is **GRANTED** in part and **DENIED** in part. The portion of Plaintiff's First Claim for Relief seeking emotional distress damages is **DISMISSED** with prejudice. This claim fails as a matter of law and "could not be saved by any amendment." *Krainski v. Nev. ex rel Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). As to Plaintiff's Second Claim for Relief, Defendant's Partial Motion to Dismiss is **DENIED**.

IT IS SO ORDERED.

DATED this 28th day of January 2026.

                                                          s/Michael J. McShane
                                                              Michael McShane
                                                       United States District Judge